UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMGUARD INSURANCE COMPANY, *Plaintiff*, | ) ) ) | CASE NO. 3:24-CV-1202 (KAD) |
| v. | ) ) | |
| SHAWN GIBSON and SANTA PEREZ, as Administratrix of the Estate of Aryndel Castro *Defendants*. | ) ) ) ) | JUNE 2, 2025 |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT SANTA PEREZ'S MOTION TO DISMISS (ECF NO. 32)**

Kari A. Dooley, United States District Judge:

Plaintiff AmGUARD Insurance Company ("AmGUARD") commenced this declaratory judgment action in order to resolve a coverage dispute between AmGUARD and its insured, Defendant Shawn Gibson, in relation to a personal injury action commenced by Defendant Santa Perez, Administratrix of the Estate of Aryndel Castro ("Perez"), against Defendant Gibson and Terrance Boyd[1] in the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport (Docket No. FBT-CV23-6125187-S) (the "Underlying Action"). *See* Second Amended Complaint ("SAC"), ECF No. 27. Now pending before the Court is Perez's Motion to Dismiss Count One of the SAC. *See* MTD, ECF No. 32. For the reasons that follow, the Motion to Dismiss is **DENIED**.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[1] Terrance Boyd has not been named as a party to this action.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Allegations and Procedural History**

As set forth in the SAC, AmGUARD is an insurance company incorporated in Nebraska, with its principal place of business in Pennsylvania. SAC at ¶ 1. AmGUARD is authorized to issue insurance policies in Connecticut. *Id.* Defendant Gibson is currently an inmate at Cheshire Correctional Institution, located in Cheshire, Connecticut ("Cheshire"). *Id.* at ¶ 2. Defendant Perez resides in Bridgeport, Connecticut and is the Administratrix of the Estate of Aryndel Castro, the decedent ("Castro"). *Id.* at ¶ 3.

In or about November 2021, AmGUARD issued a Homeowners Insurance Policy (No. SHHO280070) (the "Policy") to Defendant Gibson as the named insured. *Id.* at ¶ 28. The Policy includes personal liability coverage with a liability limit of $300,000 per occurrence. *Id.* at ¶ 31. The Policy's liability coverage provides:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

    2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

*Id.* at ¶ 33.

Under the Policy, "'Bodily injury'" means bodily harm, sickness or disease, including required care, loss of services and death that results." *Id.* at ¶ 35. "Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: (a) 'Bodily injury'; or (b) 'Property damage.'" *Id.*

Additionally, the Policy includes the following exclusions from coverage:

    1. Expected Or Intended Injury

    "Bodily injury" or "property damage" which is expected or intended by an "insured," even if the resulting "bodily injury" or "property damage":

        a. Is of a different kind, quality or degree than initially expected or intended; or
        b. Is sustained by a different person, entity or property than initially expected or intended.

    However, [the Expected or Intended Injury Exclusion] does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property.

    7. Sexual Molestation, Corporal Punishment Or Physical Or Mental Abuse

    "Bodily injury" or "property damage" arising out of sexual molestation, corporal punishment or physical or mental abuse.

*Id.* at ¶ 36.

The Underlying Action was commenced on June 13, 2023. An Amended Complaint was filed in the Underlying Action on November 4, 2024. *See id.* at ¶¶ 19–20. Count One of the Amended Complaint in the Underlying Action (the "Underlying Complaint") asserts a claim for

negligence against Gibson and alleges that on a date prior to December 9, 2021, Gibson assaulted Castro in Bridgeport, Connecticut, but did not intend to kill him. *See id.* at ¶¶ 22–23. Rather, the Underlying Complaint alleges that Gibson was under the influence of drugs and/or alcohol, and the assault upon Castro was the result of Gibson's negligence and carelessness, resulting in Castro's death. *Id.* at ¶¶ 24–25. Gibson tendered his defense in the Underlying Action to AmGUARD, who in turn reserved their rights to seek a declaratory judgment as to whether a defense is owed to Gibson under the Policy. *Id.* at ¶¶ 29–30.

Consistent with this reservation of rights, on July 16, 2024, AmGUARD filed the instant action seeking a declaratory judgment that AmGUARD has no duty to defend or indemnify Gibson in the Underlying Action. Specifically, AmGUARD alleges that the damages stemming from the bodily injury suffered by Castro are not covered in the first instance because the injuries did not result from an "occurrence." AmGUARD further alleges that the injuries are also excluded from coverage under the Policy because Gibson "expected and intended the bodily injury Castro suffered" regardless of Gibson's purported state of intoxication, and/or "because the bodily injury arose out of sexual molestation, corporal punishment or physical or mental abuse." *Id.* at ¶¶ 41–42. Thus, AmGUARD alleges, it has no duty to defend or indemnify Gibson under the terms of the Policy. *See id.* at ¶ 40.

On November 7, 2024, Defendant Perez filed the instant Motion to Dismiss. On November 27, 2024, AmGUARD filed its opposition to the Motion to Dismiss. AmGUARD Opp., ECF No. 35. Defendant Perez did not file a reply brief.

**Discussion**

Defendant Perez seeks dismissal of Count One of the SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Perez argues that AmGUARD fails to state a claim

for relief, insofar as: (1) the Underlying Complaint alleges that Castro's death was the result of an accident; (2) the Underlying Complaint does not allege that Gibson's alcohol intoxication was the sole basis for his lack of capacity; (3) the Underlying Complaint does not allege that Castro's death arose from sexual molestation, corporal punishment, or physical or mental abuse; and (4) AmGUARD cannot rely upon the allegations set forth in the initial Underlying Complaint.[2] AmGUARD counters by arguing that the facts alleged in the SAC sufficiently support its claim that "Gibson's actions were not an occurrence, that bodily injury was expected or intended, or that the injury arose out of physical abuse, and therefore, [AmGUARD] does not owe [Gibson] a duty to defend." AmGUARD Opp. at 13. The Court agrees with AmGUARD.

The SAC alleges that AmGUARD has no duty to defend Gibson in the Underlying Action because: (a) Perez does not seek damages stemming from a bodily injury caused by an occurrence, insofar as any bodily injury suffered by Castro was not the result of an accident; (b) regardless of his state of intoxication, Castro's death was not an accident[3]; (c) Gibson expected and intended the bodily injury Castro suffered; and/or (4) the bodily injury arose out of sexual molestation, corporal punishment, or physical or mental abuse. *See* SAC at ¶¶ 40–42. These assertions, taken as true for purposes of the instant motion, if proven, plainly entitle AmGUARD to the declaratory judgment it seeks. *See Interworks*, 604 F.3d at 699. Indeed, as alleged, the plain language of the Policy requires that the bodily injury result from an "occurrence" (*i.e.*, an accident), and otherwise

---

[2] Perez further asserts that she is not claiming emotional distress damages in the Underlying Action. *See* MTD at 8–9. However, it is unclear to what extent this clarification has any bearing on the sufficiency of the allegations set forth in the SAC. In this regard, the Court agrees with AmGUARD that Perez's clarification that she is not seeking damages for her own emotional distress does not provide a basis to dismiss Count One.

[3] Perez's reliance on the fact that the Underlying Complaint fails to allege that Gibson's intoxication is the "sole basis" for his lack of intent is misplaced. As discussed below, the allegations (or lack thereof) set forth in the Underlying Complaint do not determine the sufficiency of the pleading in *this* case. Moreover, the Court agrees with AmGUARD that the allegations regarding Gibson's intoxication are asserted by AmGUARD in anticipation of the argument that Gibson's intoxication rendered the underlying events an "occurrence" and/or otherwise negated his intent, thereby precluding applicability of the Policy's Expected or Intended Injury exclusion.

excludes bodily injury which is expected or intended by the insured. Thus, to the extent Gibson intentionally struck Castro, he would not be entitled to coverage under the Policy, even if he did not intend to cause Castro's death. Accordingly, the Court concludes that the SAC plausibly alleges that AmGUARD is entitled to a judgment declaring that it has no duty to defend or indemnify Defendant Gibson in the Underlying Action.

The Motion to Dismiss principally analyzes the allegations set forth in the Underlying Complaint, not the SAC.[4] Specifically, Perez argues, in sum and substance, that because the Underlying Complaint alleges that Castro's death was the result of an accident, AmGUARD, therefore, cannot plausibly allege that Gibson's actions were not an "occurrence" within the meaning of the Policy. Perez is wrong. Simply because the Underlying Complaint alleges that Gibson did not intend to *cause Castro's death* does not mean that AmGUARD, in seeking a declaratory judgment that it has no duty to defend, cannot plausibly assert otherwise, or that even so, it still has no duty to defend Gibson. Put differently, the allegations set forth in the SAC are not subject to dismissal solely because they, in some respects, conflict with the allegations made by Perez in the Underlying Complaint.[5] In fact, AmGUARD argues—persuasively—that the conclusory labels of negligence in the Underlying Complaint are inconsistent with its *own factual allegations*, which describe Gibson as repeatedly striking Castro, causing him to "suffer serious

---

[4] The Motion to Dismiss purports to seek both "judgment in [Perez's] favor" and dismissal of the SAC for failure to state a claim. For the sake of clarity, and given that the Motion to Dismiss is expressly asserted pursuant to Rule 12(b)(6)—not Rule 12(c)—the Court has evaluated herein only the sufficiency of the allegations set forth in SAC. The Court will take up the merits of this case in due course, in connection with AmGUARD's recently filed Motion for Summary Judgment. *See* ECF No. 39. The Court recognizes that the merits of a declaratory judgment action arising in the context of a coverage dispute are oft determined by way of a motion to dismiss. *See, e.g.*, *Great Meadow Cafe v. Cincinnati Ins. Co.*, No. 3:21-CV-661 (KAD), 2022 WL 813796 (D. Conn. Mar. 17, 2022) (interpreting insurance policy on a motion to dismiss); *Day Kimball Healthcare, Inc. v. Allied World Surplus Lines Ins. Co.*, 493 F. Supp. 3d 20 (D. Conn. 2020), *aff'd*, 857 F. App'x 685 (2d Cir. 2021) (same). Here, however, the issues are not adequately framed or briefed so as to proceed to the merits at this juncture.

[5] Notably, Perez is the party seeking damages from Gibson in the Underlying Action. And insofar as it appears that the recovery of any damages would likely require coverage under the Policy, Perez has a vested interest in framing the allegations in the Underlying Complaint in favor of coverage.

personal injuries, including multiple blunt trauma injuries," and thereafter leaving Castro "injured and unresponsive on the exterior premises [of 941 Noble Avenue] for an extended period of time."

**Conclusion**

For all of the reasons discussed herein, Defendant Santa Perez's Motion to Dismiss is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of June 2025.

                                                */s/ Kari A. Dooley*
                                                KARI A. DOOLEY
                                                UNITED STATES DISTRICT JUDGE